2002 ME 38

**STATE of Maine**

v.

**Warren HAVEN III**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 11, 2002.
Decided: Feb. 28, 2002.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Joshua L. Tardy, Esq., Jude Cox & Tardy, Newport, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Warren Haven appeals from the judgment of conviction entered in the Superior Court (Penobscot County, *Mead, C.J.*) following a bench trial. The court found Haven guilty of one count of operating a watercraft to endanger.[1] 12 M.R.S.A. § 7801(10) (1994). Haven contends that the evidence was not sufficient to support his conviction. We disagree and affirm the judgment.

I. STATEMENT OF THE CASE

[¶ 2] In the afternoon of June 20, 1999, Haven was operating his boat on Lake

---

1. Haven was ordered to pay a $400 fine and $60,200 as restitution to the victim.

Wassookeag with his two sons and their two friends as passengers. It was a sunny, warm day with low wind and calm water. As a result of the beautiful weather, the lake was crowded with swimmers, boaters, and jetskiers. Haven owned a seventeen foot Crestliner which was outfitted with a one hundred horse-power engine. After cruising on the lake for sometime, Haven decided to dock his boat to join some friends on shore. Because the dock was being temporarily occupied by other watercraft, he stopped his boat approximately 300 feet from shore to wait for the dock to be free. When Haven noticed that the dock was open he started his engine and gave it enough throttle so that the bow of the boat lifted up out of the water as he accelerated and turned to approach the dock. The raised bow created a blind spot in front of the boat. Although Haven testified that he looked around before starting his boat, he collided with a paddleboat causing serious injury to one of its four passengers and damaging the small craft. At the time of the accident, the weather was clear with excellent visibility. The paddleboat was painted a bright turquoise blue and had a white bottom.

## II. DISCUSSION

[¶ 3] In a criminal case, we review the sufficiency of the evidence in "the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged." *State v. Black*, 2000 ME 211, ¶ 14, 763 A.2d 109, 113. "This analysis considers only the factual evidence and permissible inferences that were placed before the factfinder; we do not weigh the evidence or credibility of witnesses, but instead resolve ambiguities in favor of the State." *State v. Stinson*, 2000 ME 87, ¶ 6, 751 A.2d 1011, 1014.

[¶ 4] According to 12 M.R.S.A. § 7801(10), "[a] person is guilty of operating a watercraft to endanger if he operates any watercraft, water ski, surfboard or similar device so as to endanger any person or property." [2] *Id.*

[¶ 5] We find that the evidence is sufficient to support Haven's conviction for operating a watercraft to endanger. He operated a large power boat with a powerful engine on a very crowded lake. When he was relatively close to shore, he unnecessarily accelerated his boat in such a manner to cause the bow to rise out of the water and create a blind spot. Haven could have minimized this problem by easing on the throttle and accelerating slowly. Furthermore, the paddleboat should have been clearly visible to Haven before he even started the boat. It was a clear, sunny day with little to no wave action.

**2.** Haven argued at trial that the State should have to prove that he acted with criminal negligence. Although section 7801(10) does not provide for a culpable mind standard, Haven reasoned that this standard should be assumed because the statute is very similar to the driving to endanger statute, 29–A M.R.S.A. § 2413(1), which explicitly requires proof of criminal negligence. The court found that the evidence showed that Haven acted with criminal negligence.

Generally, under our criminal law, one cannot be convicted of a crime unless it is proved that the crime was committed with a culpable state of mind. 17–A M.R.S.A. § 34(1) (Supp. 2001). An exception to this general rule, however, exists for "[a]ny criminal statute as to which a legislative intent to impose liability without a culpable state of mind as to any of the elements of the crime otherwise appears." *Id.* § 34(4).

Since the trial court found that Haven acted with criminal negligence, we do not need to reach the issue of whether a culpable state of mind is an element of the crime.

The paddleboat was brightly painted and there were no buoys or other objects to hide it from view. Haven should have seen the paddleboat and operated his own boat in a responsible manner.

The entry is:

Judgment affirmed.